UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REILLY,<br>             Plaintiff,<br>  v.<br>STATE FARM MUTUAL AUTOMOTIVE INSURANCE CO.,<br>             Defendant. | No. C 05-02855 MHP<br><br>**MEMORANDUM AND ORDER** |

       On July 13, 2005, defendant State Farm Mutual Automotive Insurance Co. ("State Farm") filed a notice of removal from Sonoma County Superior Court in this court pursuant to 28 U.S.C. sections 1446(b), 1441(b), and 1332. On August 2, 2005, plaintiff John Reilly filed a motion for remand to superior court pursuant to 28 U.S.C. section 1447(c) and for attorneys' fees associated with defendant's attempt to remove. Plaintiff argues lack of diversity jurisdiction, specifically that the amount in controversy in this action falls below the $75,000 minimum jurisdictional amount. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND[1]

       Plaintiff filed the present complaint in the Sonoma County Superior Court, alleging that defendant wrongfully withheld payment on a disability insurance policy issued to plaintiff. Notice of

1

Removal, Ex. A. Plaintiff claims that his back was injured in a motor vehicle accident in July 2001 and that defendant has improperly denied benefits based on a policy exclusion pertaining to a previous, unrelated back condition. Id. Plaintiff seeks to recover damages under two separate legal theories: breach of contract for violating the terms of the policy, and breach of the covenant of good faith and fair dealing, a state law tort encompassing breaches of insurance contracts that are "unreasonable and without proper foundation." Id.; see Crisci v. Security Ins. Co., 66 Cal. 2d 425 (1967). For both causes of action, plaintiff alleges damages "exceed[ing] $25,000." Notice of Removal, Ex. A.

In the prayer for relief at the conclusion of the complaint, plaintiff requests compensatory damages and prejudgment interest. Id. Plaintiff also requests attorneys' fees, although the legal basis for doing so is somewhat uncertain. See generally Cal. Civ. Pro. Code § 1021 (codifying the "American Rule," that parties bear their own attorneys' fees unless otherwise provided by statute or agreement); contra Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985) (holding that "[w]hen an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be held liable in a tort action for that expense."); but see Pacific Group v. First State Ins. Co., 841 F. Supp. 922, 945–46 (N.D. Cal. 1993) (Jensen, J.), rev'd on other grounds, 70 F.3d 524 (9th Cir. 1995) (construing Brandt narrowly out of respect for the American Rule).

On July 13, 2005, defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. section 1332. Id. On August 2, 2005, plaintiff filed a motion to remand, arguing that defendant has failed to demonstrate that the amount in controversy exceeds $75,000. Mot. to Remand at 2.

LEGAL STANDARD

An action is removable to a federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens

of different states so long as the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).

      The removal statute is strictly construed against removal, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).  The defendant bears the burden of proving the propriety of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996); Gaus, 980 F.2d at 567 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); 28 U.S.C. § 1332(a).  Thus, defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000.  Sanchez, 102 F.3d at 404.

      The district court determines whether defendant has met this burden by first considering whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties.  The court may also require the parties to submit "summary-judgment-type evidence" relevant to the amount in controversy.  Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.  See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (Infante, M.J.).

DISCUSSION

The parties do not dispute diversity of citizenship. Nor does the complaint, on its face, state a claim for damages exceeding $75,000. Plaintiff alleges for both causes of action only that the damages exceed $25,000, the minimum required by California courts of general jurisdiction. Accordingly, this motion turns on whether defendant has proved, by presentation of sufficient evidence or by argument based on the facts alleged in the complaint, that the requisite amount in controversy exists.

I.     The Effect of Plaintiff's Two Causes of Action

The parties disagree about whether the amount of money sought in plaintiff's two causes of action may be added together for purposes of establishing jurisdiction. Defendant characterizes plaintiff's second cause of action, which sounds in tort, as seeking "extra-contractual damages" above and beyond those damages alleged in the first cause of action, but provides no explanation or authority in support of the characterization. Mot. to Remand at 4–5. Plaintiff, with a similar lack of cited authority, argues that the two causes of action are "concurrent." Brief in Opposition at 1. Although the court is unaware of any authority addressing the precise question which the parties have framed, three general points about the relationship between the contract and tort claims are clear.

First, the only amount an insured may recover on a claim for breach of a disability insurance contract is "the sum or sums payable in the manner and at the times as provided in the policy." Cal. Ins. Code § 10111.

Second, plaintiff can, in principle, recover more on his tort claim than he can recover on his contract claim. Under a tort theory of liability, an insured may recover "compensatory damages for any actual loss," notwithstanding policy limits. Crisci, 66 Cal. 2d at 433; see also Gourley v. State Farm Mut. Auto. Ins. Co., 53 Cal. 3d 121, 129 (1991) (insured may recover compensation for emotional distress flowing from a breach of the covenant of good faith and fair dealing); Egan v.

4

Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 824 n.7 (1979), cert. denied, 445 U.S. 912 (1980) (insured may recover future policy benefits in a tort claim, in addition to past amounts owed on the policy).

Third, plaintiff cannot obtain a double recover; whatever money he is awarded on his contract claim cannot also be recovered on his tort claim.. Outside of the so-called "collateral source rule," which permits an injured party to recover the full amount of damages on a tort claim notwithstanding any previous compensation "from a source wholly independent of the wrongdoer," damages recovered on a contract claim reduce the amount that is recoverable in tort. See generally Anheuser-Busch, Inc., v. Starley, 28 Cal. 2d 347, 349 (1946). Here, the contract and tort claims are both against the insurer, and the collateral source rule is inapplicable.

In combination, these points indicate that there is no basis for simply combining the amounts sought in plaintiff's two causes of action. Rather, if successful in this lawsuit plaintiff will recover no less than the amount provided by the policy, and no more than the total "actual loss" associated with defendant's alleged breach. In order to establish jurisdiction, defendant therefore has the burden of proving either that the amount available under the policy exceeds $75,000, or that the actual loss that plaintiff alleges more likely than not exceeds $75,000.

II.   Amount Recoverable Under the Insurance Policy

Defendant argues that plaintiff's contract claim puts $54,999.33 in controversy, consisting of $43,596.73 in monthly disability income benefits, $4,802.60 in waiver of premium benefits, and $6,600.00 in rehabilitation expense benefits. Plaintiff does not dispute defendant's calculation. The court therefore finds that plaintiff reasonably seeks at least $54,999.33 in damages for breach of the insurance contract.

III.  Amount Recoverable Based on a Breach of the Covenant of Good Faith and Fair Dealing

With respect to plaintiff's tort claim, defendant provides no facts or analysis as to the amount that plaintiff might reasonably recover. Instead, defendant simply asserts that plaintiff seeks at least $25,000 in "extra-contractual" damages, and that this amount, when added to the amount recoverable under plaintiff's contract claim, exceeds the jurisdictional minimum. As already discussed, this method of calculating the total amount in controversy is incorrect.

The court is skeptical of plaintiff's claim that the amount in controversy in this lawsuit is less than $75,000. The contract claim alone is worth almost $55,000, and under the authorities listed above plaintiff may seek additional damages for emotional distress, accelerated payment of future policy benefits, and reimbursement of any attorneys' fees related to obtaining the improperly withheld benefits. Any of these additional amounts individually might be sufficient to close the gap; considering them in combination, it seems highly unlikely that plaintiff will seek less than the jurisdictional amount. It is defendant, however, who has the burden of providing evidence that the total amount in controversy exceeds $75,000. See Gaus, 980 F.2d at 566. Defendant has failed to do so here, and the court is compelled to remand this action to state court.

IV.  Attorneys' Fees

Based on the court's skepticism that plaintiff seeks less than the jurisdictional amount, an award of attorneys' fees in this case would not be just. See 28 U.S.C. § 1447(c). Plaintiff's motion for attorneys' fees is therefore denied.

6

CONCLUSION

For the above reasons the court hereby GRANTS plaintiff's motion to remand the pending action to Sonoma County Superior Court and DENIES plaintiff's motion for attorneys' fees. The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court for Sonoma County.

The Clerk of Court shall close this file.

IT IS SO ORDERED.

Date: September 23, 2005

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Unless otherwise noted, background facts reflect plaintiff's complaint.